An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER BRANDON WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63021



FILED

OCT 16 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of pandering of a child, pandering: furnishing transportation, and child neglect and endangerment. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant argues that the district court improperly admitted the victim's hearsay testimony that appellant told her not to identify his cellphone number by his name in her cellphone because the State did not establish that appellant knew when making that statement to the victim that it could subject him to criminal liability, *see* NRS 51.345. We disagree. The testimony was admissible as an exception to the hearsay rule because the statement about which appellant complains was his own

13-31007

statement offered against him.[1] *See* NRS 51.035(3)(a); *Elvik v. State*, 114 Nev. 883, 896, 965 P.2d 281, 289-90 (1998).

Appellant next argues that the district court improperly admitted hearsay testimony concerning the victim's arrest for solicitation along with another young woman with whom appellant had contact. Appellant suggests that the testimony resulted in his conviction based on guilt by association. Appellant objected, and the district court sustained the objection. The parties subsequently agreed to craft an appropriate curative instruction. Although it is unclear from the limited record provided by appellant whether an instruction was given to the jury, we nevertheless conclude that any error was harmless considering the strength of the evidence against appellant, the relative insignificance of the challenged testimony, and the gravity of the offense. *Smith v. State*, 111 Nev. 499, 506, 894 P.2d 974, 978 (1995).

---

[1]In the fast track statement, appellant cites to an unpublished order of this court for support. We remind appellant's counsel that an unpublished order has no precedential value and it is improper to cite to and rely on unpublished dispositions of this court. *See* SCR 123 (providing that "[a]n unpublished opinion or order of [this court] shall not be regarded as precedent and shall not be cited as legal authority" subject to exceptions that do not apply here).

Having considered appellant's arguments and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Stefany Miley, District Judge
     Marchese Law Office
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]Despite appellant counsel's verification that the fast track statement complies with applicable formatting requirements, the fast track statement does not comply with NRAP 32(a)(5) because the footnotes are not the same typeface and size as the body of the text. *See* NRAP 3C(h)(1). We also note that despite respondent counsel's verification that the fast track response complies with applicable formatting requirements, the fast track response does not comply with NRAP 32(a)(4) because portions of it are not double-spaced. *See id.* We caution counsel that future failure to comply with the Nevada Rules of Appellate Procedure when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n); NRAP 28.2(b).